# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE TERRELL, # N-83826, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-1146-NJR |
| ) | |
| JOHN/JANE DOE NURSE #2, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for a preliminary merits review of the Complaint pursuant to 28 U.S.C. § 1915A. On May 22, 2018, this Court ordered the claim in this *pro se* action brought pursuant to 42 U.S.C. § 1983 (identified as Count 4 in the original case) to be severed from Plaintiff's original case, *Terrell v. Shah*, Case No. 18-cv-710-JPG-SCW. (Doc. 1).

Plaintiff is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). The claim in this case arose there, and was outlined by the Court in Case No. 18-cv-710-JPG-SCW as follows. For clarity, the Court shall continue to refer to this claim as Count 4 in this action:

> **Count 4:** Eighth Amendment deliberate indifference claim against the John/Jane Doe Nurse #2, for failing to deliver the promised medication to treat Plaintiff for food poisoning.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.

1

28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Count 4 survives threshold review under Section 1915A. Before the claim can proceed, however, Plaintiff must identify the unknown Nurse #2 by name.

## The Complaint

Plaintiff does not specify the date when the John/Jane Doe Nurse #2 failed to treat him. On that day, Plaintiff and many other inmates contracted food poisoning after eating dinner in the prison's dietary department. (Doc. 2, p. 11). Plaintiff was seen by the John/Jane Doe Nurse #2, and he told her about his symptoms of light-headedness, vomiting, and "constantly stool usage." *Id.* The Nurse was instructed to give out medication for this problem (which the Court assumes was diarrhea). However, John/Jane Doe Nurse #2 told Plaintiff she had left the medication behind and would return with it later. Despite this promise of treatment, the Nurse never came back to give Plaintiff the medication. As a result, Plaintiff was left to suffer "a lot of discomfort" without any treatment. *Id.*

Plaintiff seeks monetary damages for the violation of his rights. (Doc. 2, p. 15).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court has characterized Plaintiff's claim in this case as a single count, as set forth above. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice. As explained below, Count 4 shall proceed for further consideration.

### Count 4 – Deliberate Indifference to Serious Medical Needs

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily

activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

In this case, Plaintiff contracted food poisoning, which included symptoms of vomiting, lightheadedness, and diarrhea. These symptoms caused him considerable discomfort. Plaintiff does not say how long his illness lasted. At this early stage of the case, his condition may be considered objectively serious enough to satisfy the first component of an Eighth Amendment claim. Further factual development may reveal, however, that his condition was not serious or persistent enough to raise a constitutional concern.

Turning to the second factor, Plaintiff alleges that he told the John/Jane Doe Nurse #2 about his symptoms, thus she was aware of his need for treatment. She told him that she would bring medication to alleviate his condition, but she failed to do so. These facts may support a deliberate indifference claim against the John/Jane Doe Nurse #2, so **Count 4** survives review

under Section 1915A.

## Identification of Unknown Defendant

Plaintiff shall be allowed to proceed with his claim in Count 4 against the John/Jane Doe Nurse #2. Of course, this Defendant must be identified with particularity before service of the Complaint can be made on her (Plaintiff uses the female pronoun when referring to this individual in his statement of claim). Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, the Court shall add the Warden of Pinckneyville, in her official capacity, as a Defendant. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).[1] In that capacity, the Warden shall be responsible for responding to discovery aimed at identifying this unknown Defendant. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of the John/Jane Doe Nurse #2 is discovered, Plaintiff shall file a motion to substitute the newly identified Defendant in place of the generic designation in the case caption and throughout the Complaint.

## Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 4) shall be referred to the United States Magistrate Judge for further consideration.

---

[1] Federal Rule of Civil Procedure 21 states in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 17(d) provides: "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

5

**Disposition**

The Clerk is **DIRECTED** to add the **WARDEN of PINCKNEYVILLE CORRECTIONAL CENTER (Official Capacity Only)** as a Defendant, for the purpose of responding to discovery requests. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).

The Clerk of Court shall prepare for Defendant **WARDEN of PINCKNEYVILLE CORRECTIONAL CENTER (Official Capacity Only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, a copy of the Memorandum and Order at Doc. 1, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Service shall not be made on Defendant **JOHN/JANE DOE NURSE #1** until such time as Plaintiff has identified her by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a determination on the pending motion for recruitment of counsel (Doc. 4), and a plan for discovery aimed at identifying the unknown defendant with particularity.

Further, this entire matter shall be **REFERRED** to Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 19, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**